FILED

NOT FOR PUBLICATION

MAY 09 2016

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10166 |
| Plaintiff - Appellee, | D.C. No. 3:14-cr-00049-MMD-VPC-1 |
| v. | |
| ALEXANDER JOSEPH RADFORD, AKA Alexander Joseph Turman, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Argued and Submitted April 11, 2016
San Francisco, California

Before: WALLACE, SCHROEDER, and N.R. SMITH, Circuit Judges.

Alexander Radford appeals from his judgment of conviction after a jury trial

for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

He first contends that the district court should have granted a continuance to enable

him to obtain the Social Security records of the government's principal witness in

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

the hope that they would provide information that could be used for impeachment purposes. It is not disputed that the witness had a learning disability and was receiving Social Security benefits, but the contents of the records are unknown. To establish that the court abused its discretion in denying the continuance request, Radford must show that he was prejudiced by not having the records. *United States v. Mejia*, 69 F.3d 309, 316–7 (9th Cir. 1995). This he cannot do, because the records' contents are unknown. What "[m]ight have been discovered had a continuance been granted is inadequate to establish prejudice." *See United States v. Hernandez*, 608 F.2d 741, 746 (9th Cir. 1979).

Radford additionally contends that the district court erred in failing to instruct the jury that the government could not use evidence of his silence to support an inference of guilt. We review de novo whether references to a defendant's silence at trial violated his Constitutional rights. *United States v. Bushyhead*, 270 F.3d 905, 911 (9th Cir. 2011), and we affirm the district court. The only reference to Radford's silence was the response of an officer, who, when asked about his connection to the case, said that he tried to question Radford about the prior assault, "but he wouldn't tell me anything." The court sustained the immediate objection to that comment. There was no need for a jury instruction. As the district court observed, an instruction could have confused the jury. In

2

sustaining the objection, the court had effectively prevented any use of Radford's silence.

The judgment of conviction is **AFFIRMED**.